UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*JUDGE KENNELLY*

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1 4 CR 497 |
| v. | Violations: Title 18, United States Code, Sections 1622, 1546(a), 1425, 371. |
| ROBERT DEKELAITA and ADAM BENJAMIN | |

*MAGISTRATE JUDGE VALDEZ*

**FILED**
9-4-14
SEP X 4 2014

THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL JULY 2013 GRAND JURY charges:

1.     At times material to this indictment:

       a.     United States Citizenship and Immigration Services was a component of the Department of Homeland Security and an agency of the executive branch of the United States. USCIS, among other things, was responsible for administering the policies and laws by which foreign nationals could apply for legal status in the United States, including applications for asylum, permanent residency, and citizenship.

       b.     Under United States immigration law, foreign nationals seeking asylum in the United States were required, either personally or through an attorney, to complete a Form I-589 and submit it to USCIS. The Form I-589 required a detailed and specific account of the basis of the claim to asylum, detailed personal history data, and a listing of the applicant's travel history. If the Form I-589 was prepared by an attorney, the preparer is required to set forth his name and

address on the form. The foreign national and preparer are both required to sign the form under penalty of perjury.

      c.    Pursuant to United States immigration law, to obtain asylum in the United States, a foreign national was required to show that he suffered persecution in his home country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or had a well-founded fear of persecution if he were to return to such country. A person was not qualified for asylum if: (1) he had legal status, such as permanent residence status or citizenship, in a country other than his home country to where he could return; or (2) if he failed to file for asylum within one year of entering the United States, absent extraordinary circumstances.

      d.    After the Form I-589 was submitted, the foreign national was interviewed by a USCIS officer to determine whether the applicant qualified for asylum. The foreign national's attorney was permitted to be present for the interview.

      e.    If the foreign national did not speak English, the foreign national was required to bring his own interpreter. The interpreter was required to sign a form under the penalty of perjury that he was providing a true and accurate translation of the foreign national's answers to the asylum officer's questions.

      f.    If a foreign national was granted asylum, he received a completed Form I-94 that reflected his new legal status. A Form I-94 granted its

holder certain rights, including the right to legally reside and be eligible for employment in the United States.

g.      After holding a Form I-94 for one year, an applicant could apply for lawful permanent residence status by filling out a Form I-485 and submitting it to USCIS. If the officer reviewing the Form I-485 found that the applicant was qualified, the applicant was granted lawful permanent residence status. A permanent resident could, by filling out a form N-400 and submitting it to USCIS, apply for citizenship after being a lawful permanent residence for at least four years.

h.      If the asylum officer rejected a foreign national's asylum request for asylum, the case would be referred to an immigration judge at the Executive Office for Immigration Review. After a contested hearing, the immigration judge could grant or deny the application for asylum.

i.      Defendant ROBERT DEKELAITA was an immigration attorney licensed under the law of Illinois and the proprietor of R.W. DeKelaita & Associates, LLC, with offices in Skokie, Lincolnwood, and Morton Grove, Illinois.

j.      Defendant ADAM BENJAMIN was an interpreter that contracted with DEKELAITA and his firm. BENJAMIN spoke multiple languages, including Assyrian. BENJAMIN provided translation services for DEKELAITA.

k.     Attorneys A and B were employed as associates of R.W. DeKelaita Law Offices in 2010 and 2011 who worked under the direction and supervision of DEKELAITA and were licensed to practice law in the state of Illinois.

2.     From no later than in or about 2000 and continuing until at least 2011, at Chicago, Skokie, Lincolnwood, and Morton Grove, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT DEKELAITA and
ADAM BENJAMIN,

defendants herein, knowingly conspired and agreed with each other, and others known and unknown to the Grand Jury, to commit an offense against the United States, namely to:

a.     knowingly obtain and attempt to obtain Form I-94s, which were documents prescribed by statute and regulation as evidence of authorized stay in the United States, knowing them to have been procured by means of any false claim and statement and to have otherwise been procured by fraud, in violation of Title 18, United States Code, Section 1546(a) ¶1;

b.     knowingly subscribe as true, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly present any other document which contains any such false statement and fails to contain any reasonable basis in law and fact, namely Form I-589s and accompanying documentation, in violation of Title 18, United States Code, Section 1546(a) ¶4; and

4

c.      knowingly procure and attempt to procure, contrary to law, the naturalization of any person, and documentary and other evidence of naturalization and of citizenship, in violation of Title 18, United States Code, Section 1425(a).

<u>Manner and Means of the Conspiracy</u>

3.      It was part of the conspiracy that defendants DEKELAITA and BENJAMIN agreed to submit false information to USCIS on behalf of foreign nationals that were clients of DEKELAITA's law firm, coach these clients on how to best present the false information to an asylum officer, and represent these clients in their presentation of false information during the asylum interviews in exchange for monetary payments from the clients.

4.      It was further part of the conspiracy that defendant DEKELAITA conducted screening interviews of his clients to determine what information regarding the clients' background may bar the client from lawfully receiving asylum.

5.      It was further part of the conspiracy that defendant DEKELAITA completed Form I-589s on behalf of his clients using false information, such as false names, false religions, false dates of travel, false dates of entry into the United States, false dates of birth, and false family history, and then submitted these forms to USCIS.

6.      It was further part of the conspiracy that defendant DEKELAITA wrote and created false asylum statements detailing non-existent accounts of

5

purported religious persecution, including fictitious accounts of rape and murder, and attached these statements to the Form I-589s he submitted on behalf of his clients.

7.     It was further part of the conspiracy that defendant DEKELAITA, and Attorneys A and B acting at DEKELAITA's direction, submitted falsely created affidavits, baptismal certificates, identity documents, and other documents to USCIS and EOIR on behalf of their clients.

8.     It was further part of the conspiracy that without their knowledge or permission, defendant DEKELAITA signed his clients' names on certain Form I-589s.

9.     It was further part of the conspiracy that defendants DEKELAITA and BENJAMIN instructed DEKELAITA's clients to memorize fictitious information on their Form I-589s and accompanying asylum statements.

10.     It was further part of the conspiracy that defendants DEKELAITA and BENJAMIN facilitated and assisted DEKELAITA's clients in memorizing the fictitious information on their Form I-589s and accompanying asylum statements prepared for their asylum interviews.

11.     It was further part of the conspiracy that defendants DEKELAITA and BENJAMIN and their clients presented the false information outlined in their Form I-589s to asylum officers at the clients' asylum interviews.

12. It was further part of the conspiracy that defendant BENJAMIN provided false translations during the asylum interviews; specifically, BENJAMIN knowingly and intentionally mistranslated answers given by the clients and added testimony not actually stated by the clients during the course of the asylum interviews, in an effort to secure asylum for the clients.

13. It was further part of the conspiracy that DEKELAITA and BENJAMIN agreed and intended that their clients would successfully obtain asylum, would successfully receive Form I-94s, and would use this status to seek to obtain lawful permanent residence in the United States and naturalization as United States citizens.

<u>Overt Acts</u>

14. In furtherance of the conspiracy and to effect its unlawful objectives, defendants DEKELAITA and BENJAMIN committed and caused to be committed the following overt acts among others:

<u>Client Y.L.</u>

a. On or about April 17, 2000, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client Y.L.;

b. On or about June 13, 2000, defendant DEKELAITA helped Client Y.L. present this false information to an asylum officer;

7

Client R.J.

c.      On or about January 7, 2003, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client R.J.;

d.      On or about February 19, 2003, defendant DEKELAITA helped Client R.J. present this false information to an asylum officer;

e.      On or about January 13, 2006, Client R.J., using her fraudulently obtained asylum status, submitted a Form I-485 to USCIS seeking permanent resident status;

f.      On or about September 7, 2010, Client R.J., using her fraudulently obtained permanent resident status, submitted a Form N-400 to USCIS seeking United States citizenship;

Client R.J-C.

g.      On or about April 9, 2003, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client R.J-C.;

h.      On or about May 29, 2003, defendant DEKELAITA helped Client R.J-C. present this false information to an asylum officer;

i.      In or about November 2010, at the direction of defendant DEKELAITA, Attorney A created an affidavit of an individual falsely claiming to

8

know when Client R.J-C. entered the United States, and subsequently mailed it to Client R.J-C.;

j.      On or about February 10, 2011, at the direction of defendant DEKELAITA, Attorney B submitted letters of recommendation and a fraudulent baptismal certificate on behalf of Client R.J-C. to EOIR, knowing these letters to contain false information;

k.      On or about February 28, 2011, at DEKELAITA's instruction, Attorney B instructed Client R.J-C. regarding what falsehoods to present during her EOIR hearing;

Client M.S.

l.      On or about July 24, 2006, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client M.S.;

m.      On or about August 28, 2006, defendants DEKELAITA and BENJAMIN instructed Client M.S. regarding what falsehoods to present during his asylum interview;

n.      On or about August 29, 2006, defendants DEKELAITA and BENJAMIN helped Client M.S. present this false information to an asylum officer;

o.      On or about August 29, 2006, defendant BENJAMIN falsely translated the testimony of Client M.S. during his asylum interview;

p.    On or about October 9, 2007, Client M.S., using his fraudulently obtained asylum status, submitted a Form I-485 to USCIS seeking permanent resident status;

Client L.M.

q.    On or about July 28, 2006, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client L.M.;

r.    On or about August 29, 2006, defendants DEKELAITA and BENJAMIN instructed Client L.M. regarding what falsehoods to present during his asylum interview;

s.    On or about August 30, 2006, defendants DEKELAITA and BENJAMIN helped Client L.M. present this false information to an asylum officer;

t.    On or about August 30, 2006, defendant BENJAMIN falsely translated the testimony of Client L.M. during his asylum interview;

Client R.S.

u.    On or about August 29, 2006, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client R.S.;

v.    On or about December 6, 2006, defendant DEKELAITA helped Client R.S. present this false information to an asylum officer;

10

Client N.N.

w.     On or about November 16, 2006, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client N.N.;

x.     On or about January 3, 2007, defendants DEKELAITA and BENJAMIN helped Client N.N. present this false information to an asylum officer;

y.     On or about March 24, 2008, Client N.N., using his fraudulently obtained asylum status, submitted a Form I-485 to USCIS seeking permanent resident status;

Client F.R.

z.     On or about August 7, 2008, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client F.R.;

aa.     On multiple occasions in July, September, and October, 2008 defendants DEKELAITA and BENJAMIN instructed Client F.R. regarding what falsehoods to present during his asylum interview;

bb.     On or about October 22, 2008, defendant BENJAMIN helped Client F.R. present this false information to an asylum officer;

cc.     On or about October 22, 2008, defendant BENJAMIN falsely translated the testimony of Client F.R. during his asylum interview;

11

Client F.E.

dd.    On or about April 7, 2009, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client F.E.;

ee.    On or about May 11, 2009, defendants DEKELAITA and BENJAMIN instructed Client F.E. regarding what falsehoods to present during his asylum interview;

ff.    On or about May 12, 2009, defendants DEKELAITA and BENJAMIN helped Client F.E. present this false information to an asylum officer;

gg.    On or about May 12, 2009, defendant BENJAMIN falsely translated the testimony of Client F.E. during his asylum interview;

Client M.J.

hh.    On or about September 10, 2009, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client M.J.;

ii.    On or about October 14, 2009, defendants DEKELAITA and BENJAMIN helped Client M.J. present this false information to an asylum officer;

jj.    On or about October 14, 2009, defendant BENJAMIN falsely translated the testimony of Client M.J. during her asylum interview;

<u>Client H.A.</u>

kk.     On or about November 16, 2009, defendant DEKELAITA submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client H.A.;

ll.     On or about December 21, 2009, defendants DEKELAITA and BENJAMIN instructed Client H.A. regarding what falsehoods to present during his asylum interview;

mm.     On or about December 22, 2009, defendants DEKELAITA and BENJAMIN helped Client H.A. present this false information to an asylum officer;

nn.     On or about December 22, 2009, defendant BENJAMIN falsely translated the testimony of Client H.A. during his asylum interview;

oo.     On or about January 22, 2011, Client H.A., using his fraudulently obtained asylum status, submitted a Form I-485 to USCIS seeking permanent resident status;

<u>Client A.L.</u>

pp.     On or about March 14, 2011, defendant DEKELAITA and Attorney A submitted a Form I-589 containing false information and an accompanying false asylum story to USCIS on behalf of Client A.L.;

qq.     On or about April 12, 2011, defendant DEKELAITA and Attorney A helped Client A.L. present this false information to an asylum officer; and

13

rr. On or about April 13, 2011, defendants DEKELAITA and BENJAMIN helped Client A.L. present this false information to an asylum officer;

ss. On or about July 25, 2012, Client A.L., using his fraudulently obtained asylum status, submitted a Form I-485 to USCIS seeking permanent resident status;

All in violation of Title 18, United States Code, Section 371.

14

## COUNT TWO

The SPECIAL JULY 2013 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2.    On or about September 10, 2009, at Chicago, in the Northern District of Illinois and elsewhere,

ROBERT DEKELAITA and
ADAM BENJAMIN,

defendants herein,

a.    knowingly attempted to obtain a Form I-94 on behalf of Client M.J., which was a document prescribed by statute and regulation as evidence of authorized stay in the United States, knowing it to have been procured by means of any false claim and statement, and to have otherwise been procured by fraud, namely by filing a Form I-589 and accompanying documentation that falsely claimed, among other things, that: (1) Client M.J. did not have legal status in a country other than Iraq; (2) Client M.J.'s husband was threatened and attempted to be kidnapped by Islamic extremists; and (3) Client M.J.'s daughter was threatened many times that if she did not convert to Islam, she would be kidnapped and killed;

In violation of Title 18, United States Code, Sections 1546(a) ¶1 and 2; and

b.    knowingly subscribed as true, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly presented

15

any other document which contains any such false statement and fails to contain any reasonable basis in law and fact, namely a Form I-589 and accompanying documentation that falsely claimed, among other things, that: (1) Client M.J. did not have legal status in a country other than Iraq; (2) Client M.J.'s husband was threatened and attempted to be kidnapped by Islamic extremists; and (3) Client M.J.'s daughter was threatened many times that if she did not convert to Islam, she would be kidnapped and killed;

In violation of Title 18, United States Code, Sections 1546(a) ¶4 and 2.

16

## **COUNT THREE**

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about October 14, 2009, at Chicago, in the Northern District of Illinois and elsewhere,

ROBERT DEKELAITA and
ADAM BENJAMIN,

defendants herein, procured another, namely Client M.J., to commit perjury during an asylum interview, namely the following false statements: (1) Client M.J. did not have legal status in a country other than Iraq; (2) Client M.J.'s husband was threatened and attempted to be kidnapped by Islamic extremists; and (3) Client M.J.'s daughter was threatened many times that if she did not convert to Islam, she would be kidnapped and killed;

In violation of Title 18, United States Code, Section 1622.

## COUNT FOUR

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2.      On or about November 16, 2009, at Chicago, in the Northern District of Illinois and elsewhere,

ROBERT DEKELAITA and
ADAM BENJAMIN,

defendants herein,

a.      knowingly attempted to obtain a Form I-94 on behalf of Client H.A, which was a document prescribed by statute and regulation as evidence of authorized stay in the United States, knowing it to have been procured by means of any false claim and statement, and to have otherwise been procured by fraud, namely by filing a Form I-589 and accompanying documentation that falsely claimed, among other things, that: (1) Client H.A.'s brother's partner was killed; (2) Client H.A's brother's house was gunned down; (3) Client H.A.'s house was burned down by Muslim extremists; (4) Client H.A.'s brother's name was put on an elimination list; and (5) Client H.A.'s father was executed;

In violation of Title 18, United States Code, Sections 1546(a) ¶1 and 2; and

b.      knowingly subscribed as true, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly presented

18

any other document which contains any such false statement and fails to contain any reasonable basis in law and fact, namely a Form I-589 and accompanying documentation that falsely claimed, among other things, that: (1) Client H.A.'s brother's partner was killed; (2) Client H.A's brother's house was gunned down; (3) Client H.A.'s house was burned down by Muslim extremists; (4) Client H.A.'s brother's name was put on an elimination list; and (5) Client H.A.'s father was executed;

In violation of Title 18, United States Code, Sections 1546(a) ¶4 and 2.

19

<u>COUNT FIVE</u>

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about December 22, 2009, at Chicago, in the Northern District of Illinois and elsewhere,

ROBERT DEKELAITA and
ADAM BENJAMIN,

defendants herein, procured another, namely Client H.A., to commit perjury during an asylum interview, namely the following false statements: (1) Client H.A.'s brother's partner was killed; (2) Client H.A's brother's house was gunned down; (3) Client H.A.'s house was burned down by Muslim extremists; (4) Client H.A.'s brother's name was put on an elimination list; and (5) Client H.A.'s father was executed;

In violation of Title 18, United States Code, Section 1622.

20

## COUNT SIX

The SPECIAL JULY 2013 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2.      On or about March 14, 2011, at Chicago, in the Northern District of Illinois and elsewhere,

ROBERT DEKELAITA,

defendant herein,

      a.      knowingly attempted to obtain a Form I-94 on behalf of Client A.L, which was a document prescribed by statute and regulation as evidence of authorized stay in the United States, knowing it to have been procured by means of any false claim and statement, and to have otherwise been procured by fraud, namely by filing a Form I-589 and accompanying documentation that falsely claimed, among other things, that: (1) Client A.L. believed that she would be a target of persecution by Muslims in Iraq because she was divorced; (2) Client A.L. was an Assyrian Christian; and (3) Client A.L. believed she would be killed by Muslim extremists if she returned to Iraq;

      In violation of Title 18, United States Code, Sections 1546(a) ¶1 and 2; and

      b.      knowingly subscribed as true, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly presented

21

any other document which contains any such false statement and fails to contain any reasonable basis in law and fact, namely a Form I-589 and accompanying documentation that falsely claimed, among other things, that: (1) Client A.L. believed that she would be a target of persecution by Muslims in Iraq because she was divorced; (2) Client A.L. was an Assyrian Christian; and (3) Client A.L. believed she would be killed by Muslim extremists if she returned to Iraq;

In violation of Title 18, United States Code, Sections 1546(a) ¶4 and 2.

## COUNT SEVEN

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about April 13, 2011, at Chicago, in the Northern District of Illinois and elsewhere,

### ROBERT DEKELAITA,

defendant herein, procured another, namely Client A.L., to commit perjury during an asylum interview, namely the following false statements: (1) Client A.L. believed that she would be a target of persecution by Muslims in Iraq because she was divorced; (2) Client A.L. was an Assyrian Christian; and (3) Client A.L. believed she would be killed by Muslim extremists if she returned to Iraq;

In violation of Title 18, United States Code, Section 1622.

23

## FORFEITURE ALLEGATION

The SPECIAL JULY 2013 GRAND JURY further alleges:

1.     The allegations contained in Counts One, Two, Four, and Six of this indictment are incorporated here by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii).

2.     As a result of his violations of Title 18, United States Code, Sections 1546(a) and 371, as alleged in the foregoing indictment,

ROBERT DEKELAITA,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii), any and all right, title and interest in property, real and personal, that constitutes and is derived from and is traceable to the proceeds obtained directly and indirectly from the commission of the offense and that is used to facilitate, and is intended to be used to facilitate, the commission of the offense.

3.     The interests of defendant DEKELAITA subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii), include but are not limited to: approximately $60,000.

4.     If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

a.     Cannot be located upon the exercise of due diligence;

b.     Has been transferred or sold to, or deposited with, a third party;

24

c.     Has been placed beyond the jurisdiction of the Court;

d.     Has been substantially diminished in value; or

e.     Has been commingled with other property which cannot

be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY