UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 497 |
| v. | ) | |
| | ) | |
| | ) | Judge Matthew F. Kennelly |
| ROBERT DEKELAITA and | ) | |
| YOUSIF YOUSIF | ) | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The UNITED STATES OF AMERICA, through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby submits the attached Government's Proposed Jury Instructions.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:     *s/* Andrianna D. Kastanek
        ANDRIANNA D. KASTANEK
        LINDSAY JENKINS
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
Seventh Circuit Committee (2012) 1.01

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment contains eight counts. Count One of the indictment charges Robert DeKelaita and Yousif Yousif with conspiring with each other, with Adam Benjamin, and with others to commit asylum fraud. Counts Two and Five charge Mr. DeKelaita with knowingly attempting to obtain asylum on behalf of clients by submitting applications containing false statements of material facts. Counts Three and Six charge Mr. DeKelaita with knowingly subscribing as true false statements of material fact in an asylum application. Counts Four and Seven charge Mr. DeKelaita with procuring perjury during asylum interviews. Count Eight charges Mr. DeKelaita with conspiring with others to commit marriage fraud for the purpose of obtaining legal permanent resident status on behalf of a client. The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crime they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2
Seventh Circuit Committee (2012) 1.02

The defendants are presumed innocent of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendants are guilty as charged.

The government has the burden of proving the defendants' guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendants are never required to prove their innocence. They are not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
Seventh Circuit Committee (2012) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that [certain facts are true] [or] [that a witness would have given certain testimony.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
Seventh Circuit Committee (2012) 2.01

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5
Seventh Circuit Committee (2012) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6
Seventh Circuit Committee (2012) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7
Seventh Circuit Committee (2012) 2.04

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that [a] defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

GOVERNMENT INSTRUCTION NO. 8
Seventh Circuit Committee (2012) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant(s)]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9
Seventh Circuit Committee (2012) 3.01

[It is proper for an attorney to interview any witness in preparation for trial.]

GOVERNMENT INSTRUCTION NO. 10
Seventh Circuit Committee (2012) 3.02

You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; her; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court.

GOVERNMENT INSTRUCTION NO. 11
Seventh Circuit Committee (2012) 3.02

You have heard testimony from [a witness] [witnesses], who:

-   was promised benefits in return for [her] [their] cooperation with the government; and

-   has stated that [she was] [they were] involved in some of the crimes the defendant is charged with committing.

You may give the [witness's] [witnesses'] testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

GOVERNMENT INSTRUCTION NO. 12
Seventh Circuit Committee (2012) 3.05 (modified for plural noun)

[You may consider evidence that a witness was convicted of a crime only in deciding the believability of his or her testimony.  You may not consider it for any other purpose.]

GOVERNMENT INSTRUCTION NO. 13
Seventh Circuit Committee (2012) 3.06(a) & (b)

[You have heard testimony about [a witness's] character for truthfulness or untruthfulness. You may consider this evidence only in deciding the believability of [the witness's] testimony and how much weight to give to it.]

GOVERNMENT INSTRUCTION NO. 14
Seventh Circuit Committee (2012) 3.07 (modified for plural noun)

[You have heard testimony about the defendant's character for _____. You should consider this testimony together with and in the same way you consider the other evidence.]

GOVERNMENT INSTRUCTION NO. 15
Seventh Circuit Committee (2012) 3.08 (modified for case-specific information)

You have heard testimony of an identification of a person.  Identification testimony is an expression of the witness' belief or impression.  In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time [of the offense] and to make a reliable identification later.  You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendants are the persons who committed the crime that is charged.

GOVERNMENT INSTRUCTION NO. 16
Seventh Circuit Committee (2012) 3.12

You have heard the testimony of witnesses, namely, Mary Margaret Stone and Michael Klinger, who gave testimony about immigration processes and procedures, the factors that immigration authorities may consider in evaluating claims, and the implications of filing false documents or making false statements. You also heard a witness, Nahla David, who gave testimony about her translations of certain recordings and writings from Assyrian, Chaldean, and Arabic to English. You do not have to accept these witnesses' testimony. You should judge the testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider the witnesses' qualifications, how they reached their conclusions, and the factors I have described for determining the believability of testimony.

GOVERNMENT INSTRUCTION NO. 17
Seventh Circuit Committee (2012) 3.13 (modified)

You have heard a recorded conversation that was conducted in English. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversation to help you follow the recording as you listened to it. The recording is the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

[I am providing you with the recording and a device with instructions on its use. It is up to you to decide whether to listen to the recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.]

GOVERNMENT INSTRUCTION NO. 18
Seventh Circuit Committee (2012) 3.14 (modified)

During the trial, Arabic and Assyrian language recordings were admitted in evidence. You were also given English transcripts of those recordings so you could consider the contents of the recordings. It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge you may have of the Arabic or Assyrian languages. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

GOVERNMENT INSTRUCTION NO. 19
Seventh Circuit Committee (2012) 3.15 (modified)

Certain summaries were admitted in evidence. You may use those summaries as evidence. It is up to you to decide how much weight to give to the summaries.

GOVERNMENT INSTRUCTION NO. 20
Seventh Circuit Committee (2012) 3.16

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 21
Seventh Circuit Committee (2012) 3.18

[You have heard evidence obtained from the government's use of [informants]. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.]

GOVERNMENT INSTRUCTION NO. 22
Seventh Circuit Committee (2012) 3.19

Languages other than English were used during the trial. You should consider only the evidence provided through the official interpreter. Although some of you may know Arabic or the languages used, it is important for all jurors to consider the same evidence. For this reason, you must base your decision on the evidence presented in the English translation.

GOVERNMENT INSTRUCTION NO. 23
Seventh Circuit Committee (2012) 10.05 (modified)

Count One of the indictment charges Mr. DeKelaita with conspiracy to commit asylum fraud. In order for you to find Mr. DeKelaita guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.      There was a conspiracy to obtain documents authorizing immigrants to stay in the United States, knowing those documents were obtained by false statements or fraud.

2.      Mr. DeKelaita knowingly became a member of the conspiracy with an intent to advance one or more goals of the conspiracy.

3.      One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy on or before September 4, 2009.

An overt act is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. [The overt act may itself be a lawful act.]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find Mr. DeKelaita guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find Mr. DeKelaita not guilty.

GOVERNMENT INSTRUCTION NO. 24
Seventh Circuit Committee (2012) 5.08(A) (modified based on the Court's proposed preliminary instructions)

Count One of the indictment charges Yousif Yousif with conspiracy to commit asylum fraud. In order for you to find Mr. Yousif guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.      There was a conspiracy to obtain documents authorizing immigrants to stay in the United States, knowing those documents were obtained by false statements or fraud.

2.      Mr. Yousif knowingly became a member of the conspiracy with an intent to advance one or more goals of the conspiracy.

3.      One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy on or before August 4, 2010.

An overt act is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. [The overt act may itself be a lawful act.]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find Mr. Yousif guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find Mr. Yousif not guilty.

GOVERNMENT INSTRUCTION NO. 25
Seventh Circuit Committee (2012) 5.08(A) (modified based on the Court's proposed preliminary instructions)

Count Eight of the indictment charges Mr. DeKelaita with conspiracy to commit marriage fraud. In order for you to find Mr. DeKelaita guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.    There was a conspiracy to obtain legal permanent resident status based on a marriage to a United States citizen, knowing that the marriage was not entered into in good faith.

2.    Mr. DeKelaita knowingly became a member of the conspiracy with an intent to advance of the conspiracy; and

3.    One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

An overt act is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. [The overt act may itself be a lawful act.]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find Mr. DeKelaita guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find Mr. DeKelaita not guilty.

GOVERNMENT INSTRUCTION NO. 26
Seventh Circuit Committee (2012) 5.08(A) (modified modeled on the Court's proposed preliminary instructions)

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

GOVERNMENT INSTRUCTION NO. 27
Seventh Circuit Committee (2012) 5.09

To be a member of a conspiracy, a defendant does not need to joint it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 28
Seventh Circuit Committee (2012) 5.10

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 29
Seventh Circuit Committee (2012) 4.10

Counts Two and Five of the Indictment allege that Mr. DeKelaita knowingly attempted to obtain asylum on behalf of clients by submitting applications containing false statements of material facts.   In order for you to find Mr. DeKelaita guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

1.      Mr. DeKelaita knowingly attempted to obtain a document on behalf of the particular individual identified in the charge; and

2.      The document was a document prescribed by law for entry into the United States or as evidence of authorized stay or employment in the United States; and

3.      At the time Mr. Dekelaita attempted to obtain the document, he knew that it would be obtained by means of a false statement or fraud.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. DeKelaita guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. DeKelaita not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 30
*See* 18 U.S.C. § 1546(a) ¶ 1; Seventh Circuit Committee (2012) p. 462 (modified, including based on the Court's proposed preliminary instructions);  Ninth Circuit Committee (2010) p. 292 (modified).

A Form I-94 is a document prescribed by law for entry into the United States or as evidence of authorized stay or employment in the United States.

GOVERNMENT INSTRUCTION NO. 31
*Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 853 n. 4 (9th Cir. 2004) (Form I-94 is "proof of the bearer's current immigration status and the time period during which his stay in this country is authorized."); *United States v. Hammoude*, 51 F.3d 288, 292 (D.C. Cir. 1995) (acknowledging Form I-94 as evidence of identification).

Counts Three and Six of the indictment allege that Mr. DeKelaita knowingly presenting false statements of material fact in an application for asylum. In order for you to find Mr. DeKelaita guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

1.     Mr. DeKelaita presented a document with a false statement or subscribed a false statement as being true.

2.     The statement was made under penalty of perjury.

3.     The statement was made on an application, an affidavit, or another document required by immigration laws or regulations.

4.     Mr. DeKelaita knew the statement was false.

5.     The statement was material to the activities or decisions of an asylum officer or an immigration court

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. DeKelaita guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. DeKelaita not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 32
Seventh Circuit Committee (2012) p. 463 (modified, including as proposed by the Court); Ninth Circuit Committee (2010) p. 293 (modified); 18 U.S.C. § 1546(a) ¶ 4

A Form I-589 is an application or other document required by immigration laws or regulations.

GOVERNMENT INSTRUCTION NO. 33
8 U.S.C. § 1158; 8 C.F.R. § 208.3 ("An asylum applicant must file Form I-589 …").

A statement is considered to be material if it is capable of influencing the decision of an asylum officer or an immigration court.

GOVERNMENT INSTRUCTION NO. 34
Seventh Circuit Committee (2012) p. 465 (modified based on the Court's proposed preliminary instructions)

Counts Four and Seven of the indictment allege that Mr. DeKelaita procured perjury during asylum interviews. In order for you to find Mr. DeKelaita guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

1. The person identified in the particular charge (whom I will call "the witness") committed perjury, in that:

      a. The witness testified under oath at an asylum interview;

      b. The witness gave false testimony;

      c. At the time, the witness knew that his testimony was false;

      d. The witness gave the false testimony voluntarily and intentionally;

      e. The false testimony concerned a material matter.

2. Mr. DeKelaita procured or instigated the perjury; and

2. Mr. DeKelaita knew that the witness's testimony was false.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. DeKelaita guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. DeKelaita not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 35
*See* Eighth Circuit Committee (2011) p. 325 (modified, including based on the Court's proposed instructions); 18 U.S.C. § 1622; *see also, e.g., United States v. Bradberry*, 466 F.3d 1249, 1254 (11th Cir. 2006); *United States v. Sandoval*, 2012 WL 618546, at *10 (6th Cir. 2012).

Testimony concerns a material matter if it is capable of impeding, interfering, with or influencing immigration authorities. The government is not required to prove that the testimony actually impeded, interfered with, or influenced immigration authorities.

GOVERNMENT INSTRUCTION NO. 35
Seventh Circuit Committee (2012) p. 465

Any person who knowingly aids; counsels; commands; induces; or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 37
Seventh Circuit Committee (2012) 5.06

The indictment charges that the crimes happened "on or about" particular dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 38
Seventh Circuit Committee (2012) 4.05

Mr. DeKelaita has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT INSTRUCTION NO. 39
Seventh Circuit Committee (2012) 4.06

Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

GOVERNMENT INSTRUCTION NO. 40
Seventh Circuit Committee (2012) 4.07

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

GOVERNMENT INSTRUCTION NO. 41
Seventh Circuit Committee (2012) 5.05

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved the defendants guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 42
Seventh Circuit Committee (2012) 4.08

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

GOVERNMENT INSTRUCTION NO. 43
*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994).
*United States v. Iwese*, 99 CR 80 (Zagel, J.) (district court opinion not published in Westlaw).

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 44
Seventh Circuit Committee (2012) 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

GOVERNMENT INSTRUCTION NO. 45
Seventh Circuit Committee (2012) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 46
Seventh Circuit Committee (2012) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      )
                              )     No. 14 CR 497
         v.                    )
                              )
                              )     Judge Matthew F. Kennelly
ROBERT DEKELAITA and      )
YOUSIF YOUSIF             )

## **VERDICT FORM**

With respect to Count One, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count One, we, the jury, find defendant YOUSIF YOUSIF:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Two, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Three, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Four, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Five, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Six, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Seven, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

With respect to Count Eight, we, the jury, find defendant ROBERT DEKELAITA:

| GUILTY ☐ | NOT GUILTY ☐ |
|---|---|

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____